UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-124 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL RODNEY SHARP, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on November 10, 2008, to address two pending motions, Defendant's Motion to Continue [Doc. 35] and the Government's Motion for Extension of Time to Respond to Various Motions [Doc. 41]. Assistant United States Attorney Tracy Stone was present representing the Government. Attorney Ralph Harwell was present representing the Defendant, who was also present.

At the hearing, Attorney Harwell addressed the Defendant's Motion to Continue [Doc. 35] and explained that a key witness for the defense, Daniel Hurst, is incarcerated in the Southeastern Tennessee State Regional Correction Facility. Attorney Harwell explained that Mr. Hurst has agreed to testify regarding the events underlying the Defendant's motion to suppress. However, Mr. Hurst is currently participating in a substance abuse program provided by the Tennessee Department of Corrections, and if he were to be moved to another facility in order to testify, he would not be able to complete the program. A continuance would allow Mr. Hurst to complete his rehabilitation program prior to being called to testify in the present matter.

In response, the Government stated that it does not object to the Defendant's motion, in part, because of Mr. Hurst's position, but also because it needs additional time to investigate the allegations contained in the Motions to Suppress and the accompanying memoranda. At the hearing and in its own Motion for Extension of Time [Doc. 41], the Government explained that the case agent assigned to investigate this matter will be in Fort Drum, New York, and Afghanistan from November 15, 2008, through December 12, 2008, and as a result, the Government was agreeable to continuing the motion hearing and the trial to allow the case agent time to properly investigate.

Finally, the Defendant confirmed that he understood that the pending motions would continue his trial and thereby extend his pretrial release. The Defendant stated that he understood that all of the same conditions of his pretrial release would continue to apply to him and that he agreed with the motions.

Based on the foregoing, the Court finds the Defendant's Motion to Continue **[Doc. 35]** is well-taken, and it is **GRANTED**. The Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that a continuance is required to allow all parties the reasonable time necessary to prepare for trial even taking into account counsels' due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Without a continuance, the Defendant will be denied the reasonable time necessary to effectively prepare for trial because the prime witness for the motion hearing is essentially unavailable, and the Government will be unable to effectively prepare for trial because it would be unable to complete the investigation of at least portions of the allegations contained in the motions to suppress. See 18 U.S.C. § 3161(h)(8)(B)(iv).

For the same reasons, the Court finds that the Government's Motion for Extension of Time **[Doc. 41]** is also well-taken, and it is **GRANTED**. In light of these findings and its granting of the motions, the Court set a new trial date of April 14, 2008. The Court further finds that the period of time between November 10, 2008, and the new trial date of April 14, 2008, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A)-(B).

Accordingly, it is ORDERED:

1. The Defendant's Motion to Continue **[Doc. 35]** is **GRANTED**;

2. The Government's Motion for Extension of Time **[Doc. 41]** is also **GRANTED**;

3. The Defendant has up to and including **November 17, 2008**, to supplement the motions that are currently pending, and the Government shall respond by **December 19, 2008**;

4. A motion hearing/pretrial conference is reset for **January 30, 2009** at 9:30 a.m.;

5. The trial is reset to commence at 9:00 a.m. on **April 14, 2009**, before the Honorable Thomas Varlan, United States District Judge; and

6. All time between November 10, 2008, and the new trial date of April 14, 2009, is fully excludable time under the Speedy Trial Act for the reasons set forth above.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge