UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CR-124 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL RODNEY SHARP, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The defendant, Michael Rodney Sharp ("Defendant"), is charged in a nine-count superseding indictment with various firearm offenses. [*See* Doc. 19.] On October 24, 2008, Defendant filed his first motion to suppress (hereinafter referred to as "First Motion to Suppress") [Doc. 28] evidence obtained as a result of a search on January 30, 2007, and second motion to suppress (hereinafter referred to as "Second Motion to Suppress") [Doc. 31] evidence obtained as a result of searches on August 28 and 29, 2007.[1]

Following an evidentiary hearing on the motion to suppress on March 2, 2009, Magistrate Judge C. Clifford Shirley filed a report and recommendation ("R&R") [Doc. 62], in which he recommended that the First Motion to Suppress [Doc. 28] and the Second Motion to Suppress [Doc. 31] be denied. This matter is before the Court on Defendant's objections [Doc. 69] to the R&R.

---

[1]Defendant filed an additional motion to suppress [Doc. 57], which is not the subject of the pending Report and Recommendation [Doc. 62] or this memorandum and order.

## I. STANDARD OF REVIEW

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which Defendant has objected. In doing so, the Court has carefully considered Magistrate Judge Shirley's R&R [Doc. 62], the underlying briefs and other submitted materials [Docs. 29, 30, 32, 48, 49], the parties' briefs regarding the pending objections [Docs. 69, 77], the transcript of proceedings before Magistrate Judge Shirley [Docs. 52, 53, 54], and exhibits presented. [*See* Doc. 51.] For the reasons set forth herein, the Court will overrule Defendant's objections, and the First and Second Motions to Suppress [Docs. 28, 31] will be denied.

## II. ANALYSIS

### A. Objection 1: Relying upon Information from John Daniel Hurst

In his first objection, Defendant contends that Magistrate Judge Shirley erred in his findings regarding the reliance of information from John Daniel Hurst ("Mr. Hurst") as the basis for the January 30, 2007, search warrant. He contends that the Detective Joe Gilven's ("Detective Gilven") affidavit did not contain sufficient evidence to support a finding of probable cause. More specifically, Defendant contends that the affidavit contained statements falsely attributed to Mr. Hurst and failed to set forth any facts from which the issuing judge could independently determine Mr. Hurst's reliability. Defendant also contends that Magistrate Judge Shirley's finding that there was sufficient information and corroboration to establish Mr. Hurst's reliability is at odds with his other credibility finding concerning Mr. Hurst. Defendant suggests that Magistrate Judge Shirley's findings were not

based on his observations of Mr. Hurst and were rather based on the purpose for which his testimony was offered.

> Defendant's argument is premised on *Franks v. Delaware*, which provides:
>
> In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

438 U.S. 154, 156 (1978); *see also United States v. Zimmer*, 14 F.3d 286, 288 (6th Cir. 1994) ("The defendant has the burden of showing deliberate falsehood or reckless disregard for the truth by a preponderance of the evidence.") (citing *Franks*, 438 U.S. at 156).

After reviewing the record, the Court is unpersuaded by the arguments presented by Defendant in support of this objection. As to Detective Gilvin, the Court finds that the record indicates the credibility of Detective Gilvin's testimony, namely his law enforcement experience, the lack of evidence undermining his behavior as an officer, his signature on the affidavit, and the specificity of items that were traded. [*See* Doc. 53 at 19, 29; Ex. 1.] By comparison, the record also shows that other factors diminish the credibility of Mr. Hurst's hearing testimony, including (1) his history of committing and being convicted of numerous thefts; (2) his addiction to drugs at the time of his arrest; (3) his shifting and inconsistent testimony about his knowledge of Defendant; and (4) the lack of other testimony corroborating his testimony. [*See* Doc. 54 at 88, 92, 99, 101-02, 103, 104, 105, 108, 109, 110, 111, 127, 128, 129, 130, 132.] Furthermore, the Court notes that Magistrate Judge

3

Shirley had the opportunity to observe these witnesses and assess their demeanor on the witness stand when determining their respective credibility. *See Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002) ("We find no reason to substitute our judgment for the credibility determination of the magistrate judge who had the opportunity to observe [a witness's] testimony and assess his demeanor on the witness stand.").

Additionally, unlike Mr. Hurst, Detective Gilvin's credibility was further buttressed by evidence corroborating his version of events. For example, Detective Gilvin testified that Mr. Hurst was advised of his rights and executed a waiver, though Mr. Hurst testified that could not recall whether this occurred. [Docs. 53 at 26-27; 54 at 90.] Detective Gilvin's account of these events was corroborated by the testimony of Lieutenant Braden [Doc. 53 at 98-99] and Mr. Hurst's rights waiver dated January 27, 2007. [Ex. 19.] Such evidence suggests that Mr. Hurst's recollection about the events at issue was not accurate, further weakening the credibility of his hearing testimony. This conclusion is consistent with Mr. Hurst's use of drugs during the relevant period, which may have affected his ability to now accurately recall the events at issue. In contrast, the corroborating evidence lends further credibility to Detective Gilvin's account of events during the relevant period. After weighing these factors, the Court finds Detective Gilvin's testimony at the hearing was more reliable than that of Mr. Hurst and accepts Magistrate Judge Shirley's credibility findings related to the issue of whether certain information was falsely attributed to Mr. Hurst.

Defendant also challenges Magistrate Judge Shirley's determination as to whether the officers did not properly corroborate the information provided by Mr. Hurst or confirm his reliability as an informant. Defendant points to Magistrate Judge Shirley's previous finding of Mr. Hurst's diminished credibility as being "at odds" with the determination that Mr. Hurst was a reliable informant. In a case similar to the present one, an informant testified on behalf of the defendant and stated in effect that he never made any statements to the officer, which were included in the officer's affidavit. *Zimmer*, 14 F.3d at 288. Despite such testimony, the Sixth Circuit, in finding no error with a district court's determination that the officers were more credible than the informant, concluded that the motion to suppress evidence was properly denied. *Id.* Thus, the mere fact that Magistrate Judge Shirley found Detective Gilvin's account more reliable than that of Mr. Hurst does not require the conclusion that Mr. Hurst was not a sufficiently reliable informant under the *Franks* test. In this case, there is corroborating testimony from Lieutenant Braden about the four locations where items had been recovered, which indicates the veracity of the information in the affidavit. [Doc. 53 at 100-02.]

Defendant also supports his objection by relying on Detective Gilvin's failure to advise the issuing judge of Mr. Hurst's criminal history. In *United States v. Trujillo*, a defendant challenged a DEA agent's omission of certain facts from her affidavit, namely prior inconsistent statements from the informant. 376 F.3d 593, 604 (6th Cir. 2004). Despite this omission, the Sixth Circuit affirmed the denial of the defendant's motion to suppress and concluded that had the DEA agent included this fact in her affidavit, it would not have

5

negated a finding of probable cause. *Id.* In this case, though the affidavit may not have contained a thorough history of Mr. Hurst's criminal past, it nonetheless provided the issuing judge information about Mr. Hurst's arrest and admitted involvement in burglarizing vehicles, which could be considered in determining his reliability as an informant. [Ex. 1.] As discussed by Magistrate Judge Shirley, reliability was further buttressed by the known identity of the informant, confirmation that stolen property was found at locations previously provided by Mr. Hurst, and the fact that the statements were against his own interests.

For all of these reasons, the Court finds that Magistrate Judge Shirley did not err as Defendant contends in his first objection. Accordingly, Defendant's first objection is **OVERRULED**.

### B. Objection 2: Failing to Address Defendant's Argument that the False Statements were Intentionally and Recklessly Included in the Affidavit

Defendant next objects that Magistrate Judge Shirley erred in failing to address the Defendant's arguments that the false statements in the affidavit were intentionally or recklessly included in Detective Gilvin's affidavit. Because there was no error with Magistrate Judge Shirley's determination regarding the veracity of the challenged statements in the affidavit, the Court finds that there was no need to address whether the statements were intentionally or recklessly included in the affidavit. Thus, Magistrate Judge Shirley did not err by failing to address this issue as Defendant contends. As a result, Defendant's second objection is **OVERRULED**.

## C. Objection 3: Concluding that Warrants Described Place to be Searched with Sufficient Particularity

In his final objection, Defendant contends that the search warrants at issue failed to describe the premises to be searched with requisite particularity. He contends that inaccuracies in the warrant could have led to a mistaken search of another residence. He also argues that Magistrate Judge Shirley erred when finding that at least one executing officer's familiarity with Defendant's home cured any insufficiencies in the search warrants' description of the premises.

The Fourth Amendment requires that a warrant "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. In determining whether a warrant describes with sufficient particularity the place to be searched, courts consider: (1) whether the place to be searched is described with sufficient particularity as to enable the executing officers to locate and identify the premises with reasonable effort; and (2) whether there is reasonable probability some other premises may be mistakenly searched. *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 479 (6th Cir. 2006). Notably, "[a]n error in description, does not . . . automatically invalidate a search warrant." *United States v. Pelayo-Landero*, 285 F.3d 491, 496 (6th Cir. 2002). Instead, the key inquiry is "whether the description is sufficient to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premises might be mistakenly searched.'" *Hang*, 433 F.3d at 480 (citation omitted).

In this case, Magistrate Judge Shirley evaluated the physical description of the home in both warrants and compared the descriptions with photographs of the property. The Court agrees with Magistrate Judge Shirley that despite the presence of multiple "residences" or structures on the property, the physical description in the warrants describe the home to be searched as having brown, or more specifically cedar, siding and a basement, which accurately describes Defendant's home. [Exs. 1, 2, 17.] The other "residences" or structures on the property simply did not fit the descriptions in the warrants. [*See* Exs. 11, 12.] While Defendant focuses on the inclusion of a "screened in front porch" in the description of one of the warrants, the Sixth Circuit does not require that the description in a warrant be "technically accurate in every detail." *Hang*, 433 F.3d at 480 (citation omitted). None of the other structures on the property had a "screened in front porch," which further lessens the probability that another premises would be mistakenly searched.

Defendant also challenges Magistrate Judge Shirley's reliance on the officers' familiarity with the premises, namely that of Lieutenant Braden and Detective Bowie. In the R&R, Magistrate Judge Shirley discussed how "knowledge of the executing officers . . . is a factor which may cure any insufficiencies in the search warrant's description of the premises." [Doc. 62 at 53 (citing *United States v. Brown*, 49 F.3d 1162, 1169 (6th Cir. 1995).] In his objection, Defendant contends that *Brown* is inapplicable to the present case because Detective Gilvin, the affiant officer, based the description in the warrant on information given to him by other officers. He points to language in *Brown*, which states, "Furthermore, 'when one of the executing officers is the affiant who describes the property

8

to the judge, and the judge finds probable cause to search the property as described by the affiant, and the search is confined to the areas which the affiant described, then the search, in this case, is in compliance with the fourth amendment.'" *Brown*, 49 F.3d at 1169 (citations omitted).

After reviewing *Brown*, the Court finds no error with Magistrate Judge Shirley's reliance on that case. While Defendant suggests that *Brown* requires an executing officer to also be the affiant for purposes of curing an insufficiencies in the search warrant's description of the premises, the language of *Brown* does not support Defendant's interpretation. The case describes (1) how knowledge of the executing officers may cure any insufficiencies in a search warrant's description of the premises and, separately, (2) how a search complies with the Fourth Amendment when one of the executing officers is the affiant who describes the property to the judge and other requirements are satisfied. *Brown*, 49 F.3d at 1169. Thus, it was not error for Magistrate Judge Shirley find that the knowledge of certain executing officers, namely Lieutenant Braden and Detective Bowie, cured insufficiencies, if any, in the search warrants' description of the premises. Furthermore, for the reasons previously discussed, the warrants challenged by Defendant already had sufficient particularity even if they were not "technically accurate in every detail." *Hang*, 433 F.3d at 480.

In light of all of this, Defendant's third objection is **OVERRULED**.

**III. CONCLUSION**

For the reasons set forth herein, the Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 62] of Magistrate Judge Shirley, and Defendant's First and Second Motions to Suppress [Docs. 28, 31] are hereby **DENIED**.[2]

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[2]The Court notes that certain references to "Defendant" in the R&R appear to actually be references to Mr. Hurst. This conclusion is supported by the R&R's transcript citations. The Court hereby substitutes "Mr. Hurst" for "Defendant" in those instances in the R&R that should have stated "Mr. Hurst." [Doc. 62 at 46-47, 49.] The Court considers these mere typographical errors that do not affect Magistrate Judge Shirley's substantive analysis or the Court's adoption of the R&R.