UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-124 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL RODNEY SHARP, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case has come before the undersigned to address pretrial motions on numerous occasions including March 2, 2009, and May 14, 2009. At these hearings, Assistant United States Attorney Tracy Stone was present representing the Government. Attorney Ralph Harwell was present representing the Defendant, who was also present.

This Court has entered reports and recommendations or memorandums and orders addressing the Defendant's pretrial motions, and the District Court has ruled upon the reports and recommendations. Thus, all of the pretrial motions in this matter have been addressed and ruled upon with the exception of the Defendant's Motion to Sever [Doc. 27]. At the hearing held March 2, 2009, the parties agreed that it was best to hold this motion in abeyance pending resolution of the Defendant's suppression motions. The Court concurred, and in an order entered April 7, 2009, the Court held the motion in abeyance pending resolution of the suppression issues, [Doc. 59 at 7]. The suppression motions have been ruled upon, and the Motion to Sever [Doc. 27] is now ripe for

adjudication.

I. BACKGROUND

As the Court has explained in its previous orders and reports and recommendations, the Superseding Indictment [Doc. 19] in this case is based upon evidence found in three searches that occurred on two different dates, January 30, 2007 and August, 29, 2007. The initial search took place after a warrant to search the Defendant's home was issued January 30, 2007, at 11:34 a.m. This warrant was executed the same day. On August 29, 2007, two searches of the Defendant's residence and property were conducted pursuant to two different warrants. The first of these warrants was issued August 28, 2007, at 4:25 p.m. and executed on the morning of August 29, 2007. A second warrant was issued August 29, 2007, at 11:05 a.m., and executed later the same day. In addition to the searches of the Defendant's home, a "consent search" of the home of the Defendant's father, Mack Sharp, was also conducted on the afternoon of August 29, 2007.

In his motion, the Defendant moves to sever the counts contained in the Superseding Indictment [Doc. 19] according to the date on which the firearms underlying the count were found. At one time, there was a possibility that this issue would be mooted, if the Court were to suppress all the evidence obtained in January 2007 or all of the evidence obtained in August 2007. However, only the evidence obtained as a result of the "consent search" at Mack Sharp's house has been suppressed. [Docs. 62 and 82].[1] Thus, both counts related to the January 2007 search and counts related to the August 2007 searches of the Defendant's residence persist, and the Court shall address

---

[1] While the Superseding Indictment does not indicate which guns were found during the "consent search" and, thus, which guns will be excluded from evidence, this fact is inconsequential to the Court's analysis of the Defendant's argument.

the Motion to Sever on its merits.

## II. ANALYSIS

In his motion, the Defendant moves to sever Counts One and Two, the counts relating to the January 30, 2007 search, of the Superseding Indictment from Counts Three through Nine, the counts relating to the August 29, 2007 searches. The Defendant's argument is essentially that the counts should be severed because the searches took place on different dates over six months apart. The Defendant submits that the "only economic benefit of joinder of [the counts in the Superseding Indictment] is the selection of one jury rather than two." [Doc. 27 at 3]. The Government maintains that the charges are properly joined because they are all offenses of similar character and are connected with or constitute parts of a common scheme or plan. [Doc. 40 at 1].

Pursuant to Rule 8 of the Federal Rules of Criminal Procedure, an indictment or information "may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). However, Rule 14 provides that "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

The Court of Appeals for the Sixth Circuit has held that "[u]nder Federal Rule of Criminal Procedure 14(a), a court may grant relief from prejudicial joinder by ordering separate trials of separate counts. But before the court will order separate trials, [a defendant] must show

'compelling, specific, and actual prejudice from a court's refusal . . . to sever.'" United States v. List, 200 Fed. App'x 535, 541 (6th Cir. 2006) (quoting United States v. Saadey, 393 F.3d 669, 678 (6th Cir. 2005)). The Sixth Circuit has further held that "a jury is presumed capable of considering each count separately . . . and any prejudice [caused by joinder of multiple counts] may be cured by limiting instructions." United States v. Cope, 312 F.3d 757, 781 (6th Cir. 2002); see also United States v. Chavis, 296 F.3d 450, 462 (6th Cir. 2002) ("[L]imiting instructions can . . . minimize the danger of prejudice resulting from improper joinder of offenses under Rule 8(a), particularly where 'it would not have been difficult for the jury to compartmentalize and distinguish the evidence concerning' the different offenses charged."); United States v. Frost, 125 F.3d 346, 391 (6th Cir. 1997) ("The District Court further minimized any prejudice by instructing the jury to consider only the evidence against each defendant on each charge . . . without regard to the other charges or defendants.").

The Defendant presents a general argument for severing the counts in the Superseding Indictment. He contends that the similarities between the offenses, all of which involve the possession of firearms, is such that a jury may confuse the evidence and use the evidence of one offense to infer that the Defendant is guilty of the other offenses. Further, he claims that judicial economy is only minimally served by conducting a single trial because "entirely separate evidence" will be used to prove the respective counts.

While the Court acknowledges that the searches in this case took place over six months apart, the Court finds that the offenses charged in this case are of the same or similar character, because they are all related to possession of firearms. The Government does not identify the common scheme to which these crimes were connected, and therefore, the Court will not base its decision on

this contention.  Notwithstanding, the Court finds that the charges are of the same or similar character, and under Rule 8, this finding alone is sufficient for presenting the charges in the same indictment,  absent a sufficient showing of prejudice under Rule 14(a).

Here the Defendant has failed to make such a showing under Rule 14.  His general statement that the joint trial of these matters will require evidence from two separate searches does not demonstrate that compelling, specific, and actual prejudice will result from this Court's refusal to sever.  List, 200 Fed. App'x at 541.  As the Court of Appeals for the Sixth Circuit has instructed, it is presumed that a jury can distinguish between evidence of different but similar crimes and properly apply the evidence to the appropriate charge.  See Cope, 312 F.3d at 781.  The Defendant has presented no evidence to undermine this presumption, and further, the Court finds that the firearms in question are not fungible goods that are likely to be confused, see United States v. Hope, 545 F.3d 293 (5th Cir. 2008) (describing firearms as being non-fungible and distinct).  Instead each firearm is a distinct and unique item, which a properly-instructed jury would be able to distinguish from the other firearms in question.

Based on the foregoing, the Court finds that pursuant to Rule 8 of the Federal Rules of Criminal Procedure, the counts contained in the Superseding Indictment [Doc. 19] are properly charged in a single indictment and can be addressed in a single trial.  Further, the Court finds that the Defendant has failed to make a sufficient showing, under Rule 14, that the counts should be addressed in separate trials.  Accordingly, the Court finds that the Defendant's Motion to Sever **[Doc. 27]** is not well-taken, and therefore, it is **DENIED**.  This matter shall proceed to trial on all

counts contained in the Superseding Indictment [Doc. 19] on **September 22, 2009, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge.

**IT IS SO ORDERED.**

ENTER:

　　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge