UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-124 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL RODNEY SHARP, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the undersigned to address pretrial motions and the trial date in this matter on September 17, 2009. Assistant United States Attorney Tracy Stone ("AUSA Stone") was present representing the Government. Attorney Ralph Harwell ("Attorney Harwell") and Attorney Jonathon Harwell were present representing the Defendant, who was also present.

**I.   BACKGROUND**

On October 24, 2008, the Defendant filed his Motion for Bill of Particulars [Doc. 25]. In this motion, the Defendant moved the Court to enter an Order directing the Government to file a Bill of Particulars, to (1) particularize the "'firearms and ammunition' referred to in Count Two of the First Superseding Indictment, including the manufacturer and model of each item and the location of each item at the time of seizure" and (2) particularize the "'firearms and ammunition referred to in Count Six of the First Superseding Indictment, including the manufacturer and model of each item and location of each item at the time of seizure." The Government's Response to Motion for Bill of

Particulars [Doc. 39], explained "the United States agrees to particularize the specific seizure location of each firearm, as it believes that information certainly is the sort of thing a defendant in this defendant's position needs to know." [Doc. 39 at 1].

The Court held a hearing to address the Motion for Bill of Particulars and other motions on March 2, 2009. At the hearing, the parties addressed the Motion for Bill of Particulars as follows:

> <u>Mr. Stone</u>: I don't know Mr. Harwell's preference, but I'm satisfied with the pleadings the way they are except for the motion for the Bill of Particulars. If the Court wants to just hold off on that one, I think we'll resolve that among ourselves in a sit-down together.
>
> <u>Mr. Harwell</u>: He has offered, Your Honor, to sit down and tell me exactly which guns were found where, which I had asked for. If he does that, then it would certainly clear up some of the problem we've had here today, and we won't have the same problems at the trial. . . .

[Doc. 54 at 163]. Thereafter, the Court advised the parties to inform the Court by the close of the business day on March 4, 2009, if the issues raised in the motion had been resolved by the meeting. [Doc. 54 at 163-64].

The parties represented to the Court that the motion was moot, and accordingly, the Court denied it as moot. The pertinent portion of the Court's Memorandum and Order [Doc. 59] explained the disposition of the motion as follows:

> At the hearing, the Court went through each count in the Superseding Indictment with the parties, and the Government specified which firearms underlie each count. [Doc. 54 at 58-63]. The Government also identified during which of the searches each firearm was recovered. At the conclusion of the hearing, the parties stated that the Defendant would also be allowed to meet with the officers who recovered the weapons for further identification of the firearms that relate to each count. The parties represented to the Court that upon completion of this meeting the Motion for Bill of Particulars [Doc. 25] would be moot.
> The parties have informed the Court that this meeting

> between the Defendant and the officers has taken place, and thus, the Court finds that the Motion for Bill of Particulars **[Doc. 25]** is now moot. Accordingly, it is **DENIED AS MOOT**.

[Doc. 59 at 6].

The Court's Memorandum and Order was entered April 7, 2009, and the issue of a bill of particulars was not raised to the Court again until September 15, 2009, when the Defendant filed a Motion to Compel Discovery [Doc. 87]. In his Motion to Compel, the Defendant moved the Court to order the Government to specify: (1) the make, model, and serial number of each firearm that the Government the Defendant was alleged to have possessed; (2) the precise location at which each firearm or piece of ammunition was seized by the Government; and (3) a description of the box or container, if any, in which each firearm or piece of ammunition was found. [Doc. 37 at 1].

At the hearing held, the parties represented to the Court that Attorney Harwell had been permitted to meet with officers from the Anderson County Sheriffs Department ("ACSD"), and as Attorney Harwell recalled, when he arrived at the meeting, there were numerous guns presented. The point of contention between AUSA Stone and Attorney Harwell relates to the extent to which Attorney Harwell attempted to and was permitted to question the ACSD officers about the locations of the guns. Attorney Harwell states that he asked the officers where the firearms were located, but the officers became wary of answering any questions and quit cooperating. Attorney Harwell claims that he was only told the locations of "some" of the firearms.

## II. ANALYSIS

The Government initially argues that it has no obligation under Rule 16 of the Federal Rules of Criminal Procedure to inform the Defendant of the location of the firearms. However, AUSA Stone maintains that, pursuant to his representation to the Court, he made the firearms available for inspection and made the officers available to answer questions. However, AUSA Stone, who was not present at the meeting, states that Attorney Harwell was told that the discussions at the meeting were not to exceed the limited scope of asking about the location of the firearms. AUSA Stone instructed ATF Agent Barney Wagonner to contact him if Attorney Harwell attempted to ask questions beyond these parameters. However, AUSA Stone could not recall giving a specific instruction to Agent Wagonner or the ACSD officers to quit cooperating. Finally, AUSA Stone noted that he believed this issue was "said and done" when the Court put down its order and there was no objection.

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government must permit a defendant "to inspect and to copy or photograph books, papers, documents, data, photographs, tangible items, buildings or places, or copies or portions of any of these items," if the objects are material to preparing the defense, will be used in the government's case-in-chief, or were obtained from the defendant. Fed. R. Crim. P. 16(a)(1)(E). Further, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection or grant other appropriate relief," in regulating discovery. Fed. R. Crim. P. 16(d)(1).

In the present case, the Defendant has been afforded an opportunity to inspect, copy, or photograph the firearms and ammunition in question. Because the Government has allowed the Defendant to inspect the firearms and ammunition, the requirements imposed on the Government

by Rule 16(a)(1)(E) have been satisfied. Thus, the Court must determine whether it is appropriate to fashion relief pursuant to Rule 16(d)(1).

The only remaining issue before the Court is whether the Government should be required to identify the location of firearms and ammunition. In deciding whether to fashion relief to address this issue, the Court is faced with reconciling the Defendant's conflicting prayers for relief—one, contained in the Motion for Bill of Particulars, which prays for specification of the locations at which the firearms and ammunition underlying Counts Two and Six were found, and a second, contained in the Motion to Compel, which appears to pray for specification of the locations at which all firearms and ammunition in question were found.

The Court finds that to the extent the Defendant seeks to request information not originally requested in the Bill of Particulars, the Defendant's request is untimely. Thus, the Court finds that the only prayer for relief properly before it relates to the Defendant's initial request that for particularization of the firearms relating to Counts Two and Six of the Superseding Indictment. While the Defendant's delay in bringing this issue to the Court's attention was undeniably negligent, the Court finds that the Government should nonetheless be expected to fulfill the obligations it undertook in its representations to this Court.

Accordingly, the Government shall (1) particularize the "'firearms and ammunition' referred to in Count Two of the First Superseding Indictment, including the manufacturer and model of each item and the location of each item at the time of seizure" and (2) particularize the "'firearms and ammunition referred to in Count Six of the First Superseding Indictment, including the manufacturer and model of each item and location of each item at the time of seizure."

5

While the Court will not micromanage the production of this discovery, the Court finds that given the continuing issues in this case, additional instruction is necessary. The Court suggests that, rather than relying on redacted or modified versions of investigatory documents, the Government compose a new document dividing the firearms associated with Count Two from those associated with Count Six. The Government's disclosure shall include the firearm's description and describe its location with sufficient detail—for example, Colt 45, Serial No. xxx, found in large close in master bedroom.

### III. CONCLUSION

In sum, the Court finds that the Defendant's Motion to Compel **[Doc. 87]** is well-taken **to the extent that it requests that the Court order the Government to describe with particularity the firearms and ammunition underlying Counts Two and Six of the Superseding Indictment and the locations at which such items were found**, and accordingly, the motion is **GRANTED IN PART**, as more fully explained above.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge