UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-124 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL RODNEY SHARP, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The Defendant has filed a Motion for Disclosure of Grand Jury Minutes, [Doc. 120], along with an accompanying Memorandum, [Doc. 121]. The Defendant moves the Court to order disclosure of the transcription of Grand Jury proceedings regarding the Indictment in United States v. Carl Bunch, Jr., No. 3:09-CR-127.

The Defendant's Motion for Disclosure was made in relation to and in anticipation of a hearing before the undersigned to address the Defendant's Motion to Dismiss or for Witness Immunity [Doc. 116] (hereinafter "Motion to Dismiss"), which was held January 11, 2010. In the Motion to Dismiss, the Defendant argues that the charges against him should be dismissed because the Government has indicted Mr. Bunch, a witness he expected to call on his behalf at trial. The Defendant argues that the Government had no basis for indicting Mr. Bunch and that such action has adversely affected Defendant's ability to call Mr. Bunch as a witness. The Defendant contends in this Motion for Disclosure that the Government may have presented the Grand Jury with "a less than

complete picture of the relationship" between Mr. Bunch, an expected witness in this case who has been indicted, and a woman with whom he is alleged to have had a domestic relationship.

The Government opposes the Defendant's Motion on a number of grounds. [Doc. 128]. First, the Government maintains that the Motion for Disclosure is filed out-of-time and was filed without first filing a motion for leave to file. In addition, the Government argues that the motion has been undermined by the production of the Grand Jury transcript at a hearing before the Court, and notwithstanding, the Government maintains that the Defendant has not met his burden under Rule 6 of the Federal Rules of Criminal Procedure and the case law of the Court of Appeals for the Sixth Circuit.

Initially, the Court finds that the Motion for Disclosure was filed out-of-time without prior leave to do so, and it may be denied on that basis alone. Notwithstanding its tardiness, the Court finds that the Defendant's concerns, to the extent they have any validity, have been addressed by this Court receiving a sealed copy of the transcript of the Grand Jury proceedings and that further disclosure is not warranted.

The Defendant's Motion for Disclosure was made in anticipation of a hearing before the undersigned to address the Defendant's Motion to Dismiss or for Witness Immunity [Doc. 116] (hereinafter "Motion to Dismiss"), which was held January 11, 2010. In the Motion to Dismiss, the Defendant argues that the charges against him should be dismissed because the Government has indicted Mr. Bunch, a witness he expected to call on his behalf at trial. The Defendant argues that the Government had no basis for indicting Mr. Bunch. At the hearing, the Government produced the transcript of the Grand Jury proceedings in United States v. Bunch, but did so under seal, for the Court's review only. The Defendant argued that he should also be given access to the transcript, but

the Government maintained that, to ensure the Grand Jury's secrecy and in the interest of witness privacy, the transcript should be kept under seal.

The Court found at the time of the hearing, that the Defendant had failed to make a proper showing of necessity for unsealing the transcript and denied the Defendant's oral motion to unseal. The Court now reiterates its previous ruling. The court may authorize disclosure—at a time, in a manner, and subject to any other conditions it directs— of a Grand Jury matter, i.e. transcript, where a defendant has shown that a ground may exist to dismiss the indictment because of a matter than occurred before the Grand Jury. See Fed. R. Crim. P. 6(e)(3)(E)(ii). However, there is a general rule of secrecy that normally prohibits disclosure of occurrences before the Grand Jury. See In re Grand Jury Proceedings, 841 F.2d 1264, 1267-68 (6th Cir. 1988). As the Court of Appeals for the Sixth Circuit has explained, the rule of secrecy is a "strong" and "long-established policy," which should be departed from only in cases of "compelling necessity," great prejudice, or where "an injustice would be done." Id. at 1268 (quoting United States v. Proctor & Gamble, 356 U.S. 677, 681-82 (1958)). In this case, the Defendant has failed to demonstrate any "compelling necessity" or risk of injustice that would support further disclosure of the Grand Jury transcript.

The Court has received a copy of the sealed transcript and reviewed it. To the extent the Defendant, as part of his Motion to Dismiss, contends that the witness was cut-off or manipulated at her appearance before the Grand Jury, the Court has the transcript before it and will evaluate the same, in light of the Defendant's allegations. Thus, the evidence to which the Defendant directs the Court is before the Court.

The secrecy of the Grand Jury proceedings along with the privacy concerns implicated by the testimony weigh against any further disclosure. Specifically, the Grand Jury transcript includes a

number of questions about the nature of the relationship between the witness and Mr. Bunch, and the Court finds that these areas of inquiry involve private matters and matters which the witness and/or Mr. Bunch would likely prefer to remain private.

Finally, the Defendant was afforded an opportunity to examine the witness at the hearing held January 11, 2010, and Attorney Ralph Harwell specifically inquired about whether she felt she had been intimidated by the Government's attorneys or agents and about the nature of her relationship with Mr. Bunch. Given that the Defendant has already questioned the witness regarding the facts that form the basis of his allegation, it appears the Grand Jury transcript would be of no additional value.

Accordingly, the Court finds that pursuant to Rule 6 of the Federal Rules of Criminal Procedure, the Grand Jury transcript from United States v. Carl Bunch, No. 3:09-CR-127, shall remain a SEALED exhibit to the hearing held January 11, 2010. Based on the foregoing, the Court finds the Defendant's Motion for Disclosure **[Doc. 120]** is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge