UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:07-CR-124 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL RODNEY SHARP, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Michael Rodney Sharp is charged in a nine-count superseding indictment [Doc. 19] with being a felon in possession of firearms and ammunition. Defendant has filed a Motion for Disclosure of Grand Jury Minutes [Doc. 120], in which he requests the transcript of the grand jury testimony in *United States v. Carl Bunch, Jr.*, No. 3:09-CR-127. The government has filed a response in opposition to this motion [Doc. 128]. Magistrate Judge C. Clifford Shirley filed a Memorandum and Order ("M&O") [Doc. 134] denying the motion for disclosure. This matter is now before the Court on defendant's appeal of that M&O [Doc. 136].

Defendant has appealed this matter pursuant to Fed. R. Crim. P. 59. Under Rule 59, the Court may reconsider any pretrial matter where it is shown that the magistrate judge's order is clearly erroneous or contrary to law. In this case, defendant contends that the magistrate judge's determination that defendant is not entitled to the grand jury minutes he requests is clearly erroneous, contrary to law, or both.

Fed. R. Crim. P. 6 governs the disclosure of the minutes of a grand jury proceeding. Grand jury proceedings in the federal system are ordinarily secret. *In re Grand Jury Proceedings*, 841 F.2d 1264, 1267-68 (6th Cir. 1988). But the Court may authorize disclosure of the minutes of a grand jury proceeding "preliminarily to or in connection with a judicial proceeding," "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(i), (ii). The decision to authorize disclosure is within the sound discretion of the trial court. *United States v. Short*, 671 F.2d 178, 184 (6th Cir. 1982). The answer to the question of whether disclosure may be authorized turns upon whether the defendant has demonstrated a "particularized need" for the minutes he has requested. *United States v. Rutherford*, 509 F.3d 791, 795 (6th Cir. 2007).

In support of his appeal, defendant argues that he requires access to the minutes of the grand jury proceeding he has identified in order to determine and/or demonstrate that (1) the government knew of serious flaws in its case against Mr. Bunch, but nevertheless (2) presented evidence to the grand jury in a specific way in order to secure an indictment against Mr. Bunch [Doc. 137]. Defendant contends that if he is able to establish the truth of these two propositions, he will further be able to demonstrate that the government indicted Mr. Bunch in a bad faith, purposeful attempt to eliminate Mr. Bunch as a potential witness in defendant's trial [*Id.*].

The magistrate judge considered and rejected these arguments in the M&O. After examining the minutes of the grand jury proceedings at issue, the magistrate judge weighed

2

defendant's arguments against several private matters discussed in those proceedings, including a number of personal questions relating to the nature of the relationship between the testifying witness and Mr. Bunch, and against the fact that defendant has already been given the opportunity to question the witness about the facts forming the basis of defendant's allegation [Doc. 134]. The magistrate judge concluded that the proceedings "involve[d] private matters . . . which the witness and/or Mr. Bunch would likely prefer to remain private," and "would be of no additional value" to defendant [*Id.*]. This decision was neither clearly erroneous nor contrary to law.

Defendant's Appeal [Doc. 136] is **DENIED**. The Memorandum and Order [Doc. 134] is **AFFIRMED**. Defendant's Motion for Disclosure of Grand Jury Minutes [Doc. 120] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE