UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CR-124 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL RODNEY SHARP, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Defendant Michael Rodney Sharp is charged in a nine-count superseding indictment [Doc. 19] with being a felon in possession of firearms and ammunition. Defendant has filed a Motion to Dismiss or for Witness Immunity [Doc. 116], in which he requests that the Court dismiss the charges against him or, in the alternative, grant immunity and/or require the government to grant immunity to Carl Bunch, Jr. for his testimony at defendant Sharp's trial.[1] The government has filed a response in opposition to this motion [Doc. 114]. Defendant has filed a reply to that response [Doc. 119].

Magistrate Judge C. Clifford Shirley held a hearing on defendant's motion on January 11, 2010 [Doc. 126]. On February 9, 2010, the magistrate judge filed a Report and Recommendation ("R&R") [Doc. 135], in which he recommended that defendant's motion be denied. Defendant filed objections to the R&R [Doc. 138] on February 19, 2010. This

---

[1] Carl Bunch Jr. has been indicted in case number 3:09-CR-127 for being a misdemeanant in possession of firearms and ammunition.

matter is before the Court on those objections. The Court undertakes a de novo review of those portions of the R&R to which defendant objects. Fed. R. Crim. P. 59(b)(3).

The Court need not dwell on defendant's objections in this case. Defendant's lengthy objections to the R&R are premised on his argument that the single-count indictment against Mr. Bunch is "unfounded" [Doc. 138]. But as defendant freely concedes in his objections, "if [Mr.] Bunch actually violated § 922(g)(9), [defendant's] present motion is not meritorious" [*Id.*]. The same concession applies if the government has brought a valid indictment against Mr. Bunch charging him with a violation of § 922(g)(9). Given that this Court has found the indictment against Mr. Bunch to be valid, defendant's motion to dismiss, in his own words, is "not meritorious." The Court need not address it further.[2]

The Court nevertheless briefly addresses defendant's related objection that the government indicted Mr. Bunch to intimidate Mr. Bunch and to deter Mr. Bunch from testifying for defendant [*Id.*]. Defendant's evidence of this intimidation includes (1) his legal argument relating to the insufficiency of the indictment in Mr. Bunch's case, which this Court has rejected; (2) the fact that Mr. Bunch was indicted shortly after the government learned that Mr. Bunch was planning on testifying in a way that would exculpate defendant; (3) the fact that the government could have elected, at its discretion, not to indict Mr. Bunch; (4) the representations in the affidavit of Mr. Jerry Day, a defense investigator, that Mr.

---

[2]As defendant notes in his objections, the "threshold question in the analysis is whether the [g]overnment can possibly sustain its charge against [Mr.] Bunch" [Doc. 138]. The Court found that the government could sustain its charge in Mr. Bunch's case. (*See United States v. Carl Bunch, Jr.,* No. 3:09-CR-127, Doc. 27). That finding ends the analysis in this case.

Bunch's ex-girlfriend "was asked only very vague questions about her relationship with [Mr.] Bunch" in the grand jury; the fact that (5) the government mentioned to Mr. Bunch's ex-girlfriend that Mr. Bunch had claimed ownership of the guns in defendant's case; and the fact that (6) defendant has not been provided access to the minutes of the grand jury proceedings in Mr. Bunch's case [*Id.*].

The Court easily disposes of this objection as well. Defendant has presented to the Court a collection of insignificant details from an unremarkable criminal investigation. These allegations, even considered cumulatively, raise no inference of government wrongdoing in this case.

For the reasons above, the Court **OVERRULES** defendant's Objections to the Report and Recommendation [Doc. 138]. The Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 135] of Magistrate Judge Shirley. Accordingly, defendant's Motion to Dismiss or for Witness Immunity [Doc. 116] is **DENIED**.

IT IS SO ORDERED.

                                              s/ Thomas A. Varlan
                                              UNITED STATES DISTRICT JUDGE